White v. Warden, NHSP                CV-02-280-JM  12/10/03  P

**UNITED STATES DISTRICT COURT FOR THE**
**DISTRICT OF NEW HAMPSHIRE**


Delvin White

    v.                                          Civil No. 02-280-JM
                                                Opinion No. 2003 DNH 218P
Jane Coplan, Warden,
New Hampshire State Prison


**O R D E R**


Before the Court for consideration is Respondent's motion under Fed. R. Civ. P. 59(e) to alter the judgment in the above-captioned matter (document no. 14).  Petitioner has filed an objection (document no. 18).

On July 9, 2002, the Petitioner filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 attacking his state court convictions on sexual assault charges.  After this Court's preliminary review of the petition, the Respondent filed an answer.  Thereafter, the parties consented to the assignment of this case to the United States Magistrate Judge, and Respondent subsequently filed a motion for summary judgment.

The central issue in this case is whether the New Hampshire state courts violated Petitioner's rights under the Sixth Amendment to the United States Constitution to cross-examine the

complaining witnesses against him where the trial court found that Petitioner could not cross-examine the complaining witnesses regarding an alleged pattern of prior false allegations of similar offenses against others even though Petitioner had demonstrated the falsity of those prior allegations to a reasonable probability. After reviewing the matter, this Court issued an order on July 11, 2003, denying Respondent's motion for summary judgment, and granting the Petitioner's application for a writ of habeas corpus (document no. 12).

The standard of review that the Court applied to the consideration of the Petitioner's federal constitutional claim was of critical importance to the decision. Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (1996), the federal courts may not grant a state prisoner a writ of habeas corpus with respect to any claim that was adjudicated on the merits in state court proceedings unless the adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

2

28 U.S.C. § 2254(d). There is no dispute that the Supreme Court of the United States has not decided a case where it held that a defendant's Sixth Amendment right to cross-examine witnesses requires the introduction of the type of evidence claimed to have been wrongfully excluded in the Petitioner's case. Therefore, if Petitioner's federal constitutional claim was adjudicated on the merits in the state court proceedings, application of the deferential standard of Section 2254(d)(1) would be fatal to the Petitioner's claim. That is so because federal law has not been clearly established in Petitioner's favor within the meaning of the AEDPA. In this Court's July 11, 2003 Order, however, the Court stated that:

> In light of the NHSC's express decision not to undertake a separate federal analysis of White's federal claim, and the NHSC's apparent reliance on state authorities that do not support its perfunctory dismissal of analysis of federal law, this Court finds that White's federal constitutional claim was not adjudicated on the merits in the state court.

July 11, 2003 Order at 10. Since the Court found that there was no adjudication of Petitioner's federal constitutional claim in the state court proceedings to which the Court should defer, the Court further found Petitioner's claim required de novo review

3

under First Circuit precedent.  Id.[1]  Exercising its independent judgment on de novo review, the Court found that the Supreme Court's Confrontation Clause jurisprudence reasonably extends to cross-examination of adverse witnesses about a pattern of allegedly false accusations against others of the type of offense of which the defendant is accused in circumstances where the defendant has demonstrated the falsity of those prior accusations by a reasonable probability.

In her Rule 59(e) motion, Respondent urges the Court to reconsider whether it was appropriate to apply de novo review in this case.  Finding that Respondent's motion raises a serious legal question, the Court re-examines that issue here before this case makes its way to an almost certain appeal.

The Supreme Court's decision in Early v. Packer, 537 U.S. 3 (2002), bears mention.  In Early, the Court reversed a decision of the Ninth Circuit in a habeas case in which the Ninth Circuit observed that the state court had not cited the controlling

---

[1]See Fryar v. Bissonnette, 318 F.3d 339, 340 (1st Cir. 2003) (finding that de novo review was required where the federal claim was properly presented, but had not been addressed by the state's highest court); DiBenedetto v. Hall, 272 F.3d 1, 6 (1st Cir. 2001) (finding that the AEDPA does not apply where the state court has not decided the federal constitutional issue); Fortini v. Murphy, 257 F.3d 39, 47 (1st Cir. 2001) (AEDPA does not apply when the federal claim was not addressed by the state courts).

4

Supreme Court precedents on the relevant issue, nor indeed any federal law. Id. at 8. The Supreme Court found that a state court need not cite, or even be aware of, the Supreme Court's cases, "so long as neither the reasoning nor the result of the state-court decision contradicts them." Id. In Ellsworth v. Warden, N.H. State Prison, 333 F.3d 1 (1st Cir. 2003), the First Circuit rejected an argument that Early invalidated the First Circuit's opinion in Fortini that the AEDPA does not apply when the federal claim was not addressed by the state courts. The First Circuit found that Early stands only for the proposition that deference under the AEDPA does not depend on the state court citing federal case law. Ellsworth, 333 F.3d at 4 n.1. Thus, Fortini is ostensibly still good law.

Notwithstanding the First Circuit's finding in Ellsworth, however, the First Circuit has embraced a rule that greatly restricts the application of Fortini. The court has found that the adjudication of a habeas petitioner's federal constitutional claim should be deemed "subsumed" within the state court's adjudication of the petitioner's state law claim if the state court has held that the state adheres to a standard that is more favorable to defendants than the applicable federal standard.

5

See <u>Norton v. Spencer</u>, No. 03-1571, 2003 WL 22459121 at *3 (1st Cir. Oct. 30, 2003) (finding that it was inappropriate for the district court to apply <u>de novo</u> review to a habeas petitioner's federal claim because adjudication of the claim was subsumed within the state appellate court's adjudication of the issue under state law); <u>McCambridge v. Hall</u>, 292 F.3d 24, 35 (1st Cir. 2002) ("If there is a federal or state case that explicitly says that the state adheres to a standard that is more favorable to defendants than the federal standard . . ., we will presume the federal law adjudication to be subsumed within the state law adjudication"). Under this reading of the law, a claim that arises under both state and federal law need not be considered as two distinct claims in order for the AEDPA to apply. As a consequence, a state defendant who is aggrieved by a decision in the state courts is not entitled to a full adjudication of his federal constitutional claim in either the state courts, nor in the federal courts on habeas review, if the state deems its standard more favorable than the federal standard.[2]

---

[2]There is an apparent exception to the First Circuit's rule if the state court is <u>incorrect</u> in its determination that the state standard is more favorable to defendants than the federal standard, but it not entirely clear how this exception is to be applied. See <u>McCambridge v. Hall</u>, 292 F.3d at 35 (suggesting that the AEDPA does not apply if the state court is incorrect in

Respondent argues in her Rule 59(e) motion that the adjudication of Petitioner's federal constitutional claim was subsumed within the New Hampshire Supreme Court's analysis of the state law claim when the court found, without discussion, that federal law did not provide the defendant any greater protection. Respondent argues that the court's opinion was supported by its citation of State v. Ellsworth, 142 N.H. 710, 719-20 (1998), which in turn cited a federal case, United States v. Stamper, 766 F. Supp. 1396, 1400 (W.D.N.C. 1991). Respondent further argues that the district court in Stamper employed the same standard used by the New Hampshire Supreme Court in Petitioner's case.

The Court finds Respondent's argument unpersuasive for two reasons. First, the issue raised in State v. Ellsworth was not the same issue that Petitioner presented in the instant case. State v. Ellsworth addressed the admissibility of extrinsic evidence of prior false allegations of sexual assault. Petitioner's case concerns the defendant's right to cross-examine an accusing witness with prior false allegations, rather than to introduce extrinsic evidence of the prior false allegations at trial. Second, the Court disagrees with the Respondent's

its characterization of the state standard as more favorable than the federal standard).

7

interpretation of <u>Stamper</u>. In <u>Stamper</u>, the district court presented the issue to be decided as:

> in a prosecution for statutory rape, where the Government's sole incriminating evidence is the complaint's testimony and where the complainant has admitted in writing to falsely accusing her mother's boyfriend of sexual molestation on a prior occasion and has made accusations against two others under circumstances tending to show ulterior motives on her part, should the Court find to be admissible (a) cross examination of the complainant concerning such accusations, and (b) testimony by all three prior accusees that the ac

766 F. Supp. at 1399. Although the court in <u>Stamper</u> found that there was a substantial similarity between the complainant's prior accusations and the accusation at issue, and that there was substantial proof of the falsity of those prior allegations, the court did not find, as the New Hampshire Supreme Court did in Petitioner's case, that a defendant must demonstrate "clearly and convincingly" the falsity of the prior allegations before they may be found admissible evidence. Indeed, the district court noted that a letter written by the complainant regarding one of the prior accusations, and the complainant's <u>in camera</u> testimony pertaining to all three prior allegations created "reasonable doubt" as to the veracity of the prior allegations. <u>Id.</u> at 1402. Therefore, <u>Stamper</u> does not support the New Hampshire Supreme Court's ruling.

8

Setting aside the reasoning behind the New Hampshire Supreme Court's decision, however, it is clear that the published cases decided by the federal courts of appeal on constitutionally required cross-examination are unfavorable to the Petitioner. Relying on the reasoning in Justice Stewart's concurring opinion, those courts have interpreted Davis v. Alaska, 415 U.S. 308 (1974), as setting forth a dividing line between constitutionally required cross-examination to expose the witnesses' bias, prejudice or motive and cross-examination intended as a general attack on the witness' credibility. See e.g., Redmond v. Kingston, 240 F.3d 590, 593 (7th Cir. 2001); Quinn v. Haynes, 234 F.3d 837, 845 (4th Cir. 2000), Boggs v. Collins, 226 F.3d 728, 739-40 (6th Cir. 2000), United States v. Bartlett, 856 F.2d 1071, 1087-89 (8th Cir. 1988); Hughes v Raines, 641 F.2d 790, 793 (9th Cir. 1981). Those cases are not factually on point with the instant case, however, because none of them involved an alleged pattern of prior allegations of similar offenses against others that have been shown to be false to a reasonable probability. Although the Petitioner has not articulated a specific theory of motive in this case, a pattern of false accusations may be considered indicative of some motive to lie, making this case

9

similar to the "Davis-type" defense theory of a motive or scheme to fabric the sexual assault allegations.  See Stamper, 766 F. Supp. at 1402 (finding that "defendant was entitled to offer the evidence necessary to prove his theory of the case by showing that complainant's charges against him did not evince a single isolated instance of manipulative behavior, but rather were part of an ongoing scheme revealed by the like motive and modus operandi of schemes past").  Nevertheless, this Court's review of this matter de novo does not demonstrate that the Supreme Court of the United States, or the federal courts of appeal, would so find if directly presented with this question.

Bound by circuit precedent on the application of the AEDPA, the Court finds that the New Hampshire Supreme Court's adjudication of the Petitioner's federal constitutional claim, by means of adjudication of the analogous claim under state law, was not contrary to, nor an unreasonable application of, federal law as decided by the Supreme Court of the United States.  Therefore, the Court may not grant Petitioner a writ of habeas corpus.


The Respondent's motion to alter the judgment (document no.

10

14) is granted.  This Court's July 11, 2003 Order (document no.

12) is hereby withdrawn.  Respondent's motion for summary

judgment (document no. 6) is granted.  The Clerk of Court is

directed to enter judgment for the Respondent and close the case.

**SO ORDERED.**

_____
James R. Muirhead
United States Magistrate Judge

Date: December 10, 2003

cc:  David M. Rothstein, Esq.
     Nicholas P. Cort, Esq.

11