Rockingham
No. 2008-079

THE STATE OF NEW HAMPSHIRE

v.

ERIC TYLER

Argued: April 16, 2009
Opinion Issued: June 3, 2009

*Kelly A. Ayotte*, attorney general (*Peter Hinckley*, assistant attorney general, on the brief, and *Elizabeth J. Baker*, assistant attorney general, orally), for the State.

*Alexander E. Roth*, public defender, of Dover, on the brief and orally, for the defendant.

HICKS, J. Following a conviction for one count of simple assault, *see* RSA 631:2-a (2007), the defendant, Eric Tyler, appeals a ruling of the Superior Court (*Nadeau*, J.) denying a jury instruction explaining his prior acquittal on three related counts of simple assault. We affirm.

The record supports the following. Officer Robert Kelley of the Sandown Police Department responded to a domestic disturbance call at the defendant's residence the afternoon of June 13, 2006. He observed a red mark on the defendant's hand and wax on his forearm. He further observed that the victim, the defendant's girlfriend, was upset and had wax on the side of her face and on her body. The defendant explained to Officer Kelley that they had been arguing. The argument appears to have begun the night before, when the defendant returned from the store with beer instead of milk. It continued the next day culminating in the victim's call to the police after the defendant allegedly threw hot wax on her.

Officer Kelley arrested the defendant and charged him with four counts of simple assault: two for striking the victim with soda cans; one for striking her with a souvenir bat; and one for throwing hot wax. After a bench trial, the Derry District Court (*Ryan*, J.) convicted the defendant only for throwing hot wax. The defendant appealed to the superior court for a *de novo* jury trial. *See* RSA 599:1 (Supp. 2008). Prior to trial, the State and defense agreed that testimony regarding the circumstances leading up to the alleged wax throwing, including the alleged assaults for which the defendant was acquitted, would be admissible.

The State called the victim as its first witness. She testified to how the argument began and progressed, including a detailed description of being struck with a wooden, souvenir bat and having two full soda cans strike her back. She further testified that, shortly before she called the police, the defendant grabbed two votive candles which had been burning all day and "threw the wax at [her] and then . . . smashed the two [candles] together." On cross-examination, the defense briefly revisited her testimony regarding the soda cans and the souvenir bat.

After excusing the victim, the court gave the following jury instruction:

> You have heard testimony regarding assaults that allegedly were committed by the defendant that are different from and happened previous to the assault for which he stands accused.
>
> The only charge for your consideration is whether or not Eric Tyler committed the crime of simple assault in that on June 13th, 2006, he knowingly caused unprivileged physical contact to [the victim] by throwing hot wax on her. You are not to consider the other alleged assaults in reaching a decision on whether or not he is guilty or not guilty of this offense, and you may not speculate or guess as to why it is that this is the one charge before you.

After Officer Kelley testified to his observations, the defendant testified to his version of the argument and the alleged assaults. Although he agreed with the victim as to how the argument began, he disputed how each alleged

assault occurred and whether he was the aggressor. On cross-examination, the State impeached the defendant several times by referencing his testimony "in a prior proceeding about this case."

On appeal, the defendant argues that "[t]he trial court erred when it denied [his] request that the jury be informed that he had previously been acquitted of [committing the] prior bad acts about which evidence was admitted at trial."

Whether a particular jury instruction is necessary and the scope and wording of jury instructions are both within the sound discretion of the trial court, and we review the trial court's decisions on these matters for an unsustainable exercise of discretion. *State v. Drake*, 155 N.H. 169, 172 (2007). We interpret jury instructions as a reasonable juror would have understood them. *State v. Evans*, 150 N.H. 416, 420 (2003). To show that the trial court's decision is unsustainable, the defendant must demonstrate that the court's ruling was clearly untenable or unreasonable to the prejudice of his case. *State v. Lambert*, 147 N.H. 295, 296 (2001).

As a preliminary matter, we note that the parties do not dispute the admissibility of the prior acquitted assaults. *See, e.g., Dowling v. United States*, 493 U.S. 342 (1990). We express no opinion on the matter.

■ We begin by addressing the defendant's argument urging us to adopt the rule of *Kinney v. People*, 187 P.3d 548, 557 (Colo. 2008), and require an acquittal instruction when the "evidence presented at trial about the prior act indicates that the jury has likely learned or concluded that the defendant was tried for the prior act and may be speculating as to the defendant's guilt or innocence in that prior trial." *Kinney's* rule is simply one articulation of the discretionary standard already governing the administration of jury instructions in New Hampshire. *See Kinney*, 187 P.3d at 557 (holding trial court should evaluate case-by-case). While *Kinney* and similar cases may prove instructive upon the limits of the trial court's discretion, we see no need to fetter that discretion with a rigid rule. It suffices to note here that the trial court's ruling was not an unsustainable exercise of discretion.

■ ■ Provided that limiting instructions are "clear and unambiguous," *State v. White*, 155 N.H. 119, 128 (2007), we credit their ability to guide the jury's proper use of evidence. *See* N.H. R. Ev. 105; *see also, e.g., State v. Beltran*, 153 N.H. 643, 652 (2006); *State v. Dean*, 129 N.H. 744, 750 (1987). The plain language of the trial court's instruction belies the defendant's contention that the court "left the impression that [he] had either already been convicted of the other alleged assaults or that he had yet to be tried on those alleged assaults." That language, and particularly the final sentence, precluded any speculation about the effect of the other alleged

assaults upon the single charge before them or the fact that only one charge of simple assault was at issue. The court simply did nothing to suggest to the jury that the defendant had been or would be tried for the other alleged assaults, and concluding otherwise on these facts would impermissibly contravene the well-established presumption that jurors follow instructions. *See State v. Cosme*, 157 N.H. 40, 46 (2008).

██ The defendant further contends that the failure to give an acquittal instruction prejudiced his defense in light of his impeachment with testimony from a prior proceeding. We disagree. As discussed above, the jury presumably followed the original limiting instruction. In the absence of other circumstances, *see, e.g., Kinney*, 187 P.3d at 558 (deliberating jury sent note requesting previous *trial* transcripts), the State's mention of prior *proceedings* is insufficient to infer prejudice. *Cf. State v. Hall*, 148 N.H. 671, 675 (2002) (no mistrial where testifying officer "made vague and ambiguous references to the suppression hearing" and revealed no information about what transpired at the hearing, its substance or its outcome).

*Affirmed.*

DALIANIS and DUGGAN, JJ., concurred.