Hillsborough — northern judicial district
No. 2012-158

THE STATE OF NEW HAMPSHIRE

v.

ROBERT DUPONT

Argued: October 16, 2013
Opinion Issued: November 21, 2013

*Michael A. Delaney*, attorney general (*Lisa L. Wolford*, attorney, on the brief and orally), for the State.

*Carl D. Olson*, of Londonderry, on the brief and orally, for the defendant.

LYNN, J. Following a jury trial in Superior Court (*Abramson*, J.), the defendant, Robert Dupont, was convicted of alternative counts of knowing and reckless second-degree murder for the October 2008 stabbing death of his wife, Jo-Ann Francis. *See* RSA 630:1-b, I(a)-(b) (2007). He appeals, arguing that (1) the trial court erred in failing to specifically describe self-defense as an element of the offense that the State was required to

disprove, and (2) the manner in which the court delivered its instructions permitted the jury to find him guilty without considering whether he acted in self-defense. We affirm.

## I

Viewed in the light most favorable to the State, *see, e.g., State v. Sideris,* 157 N.H. 258, 263 (2008), the evidence adduced at trial was sufficient for the jury to find the following facts. The defendant and Francis had a camper at the Friendly Beaver Campground in New Boston. On October 12, 2008, the defendant and Francis, each of whom had consumed alcohol, were in the camper when they began an argument. During the argument Francis used profanity and screamed at the defendant. When she mentioned calling the police, the defendant left the trailer and walked outside to his truck. He changed his mind about leaving, however, and went back inside to talk to Francis. According to the defendant, Francis was standing inside the trailer holding a knife in her hand. The defendant claimed that after the two had exchanged words, and as he turned to leave, Francis grabbed him and cut his left arm. A struggle ensued when the defendant tried to take the knife from Francis, during which she sustained nine sharp-force injuries to her head, face, neck, arm and hands. One of the stab wounds to Francis's neck was fatal. The defendant claimed not to remember how Francis sustained the multiple stab wounds; he surmised that they must have occurred during their struggle for the knife.

At trial, the defendant requested that, in addition to instructing the jury on the elements of the charged offenses of knowing and reckless second-degree murder, the court also instruct on the lesser included offenses of provocation manslaughter (RSA 630:2, I(a) (2007)), reckless manslaughter (RSA 630:2, I(b) (2007)), and negligent homicide (RSA 630:3, I (2007)), and on self-defense (RSA 627:4, II, III (2007)). The defendant submitted proposed jury instructions, in which the State's burden of disproving self-defense was enumerated as an element of each offense the jury was to consider.

Although the trial court agreed that there was sufficient evidence to entitle the defendant to his requested instructions, it declined to adopt the defendant's proposal that self-defense be specifically listed as an element of each offense. Rather, the trial court first explained to the jury that it would instruct on the offenses as follows: first on the charge of knowing second-degree murder; then on the alternative charge of reckless second-degree murder; next on two variants of the lesser included crime of manslaughter; then on the lesser included crime of negligent homicide; and finally on the defense of self-defense.

Accordingly, the court instructed the jury that, in order to find the defendant guilty of knowing second-degree murder, it had to find that the State had proven two elements beyond a reasonable doubt: (1) that the defendant caused the death of Francis; and (2) that the defendant acted knowingly. The court next instructed that to find the defendant guilty of reckless second-degree murder, the jury had to find that the State had proven two elements beyond a reasonable doubt: (1) that the defendant caused the death of Francis; and (2) that the defendant acted recklessly under circumstances manifesting an extreme indifference to the value of human life.

The trial court next explained that if the jury found that the defendant either knowingly or recklessly caused the death of Francis, it should consider whether the killing should be reduced to provocation manslaughter.[1]

Next, the court instructed that, if the jury found the defendant not guilty of second-degree murder, it should consider whether he was guilty of the lesser included offense of reckless manslaughter. It instructed that to find the defendant guilty of this offense the State had to prove the following elements beyond a reasonable doubt: (1) that the defendant caused the death of Francis; and (2) that he acted recklessly.

The court then instructed that, if the jury found the defendant not guilty of reckless manslaughter, it should consider whether he was guilty of the lesser included offense of negligent homicide, the elements of which are: (1) that the defendant caused the death of Francis; and (2) that the defendant acted negligently.

At this point the court summarized as follows:

"If you find the Defendant is guilty of either knowing or reckless second-degree murder or both and that those charges should not be reduced to manslaughter, based on provocation, your deliberations are concluded and you should notify the bailiff that you have reached your verdict.

If you find the Defendant not guilty of second-degree murder, then you should go on to consider whether or not he is guilty of manslaughter based on recklessness.

---

[1] The court also explained the factors that the jury should consider in determining whether "provocation" existed, and instructed that it was the State's burden to prove beyond a reasonable doubt that the defendant did not act under provocation. As part of its supplemental instruction, the court reiterated the State's burden to disprove provocation, and stated that if the State failed to meet this burden the jury must reduce the offense from second-degree murder to manslaughter.

> If you find the defendant is guilty of manslaughter based on either provocation or recklessness, your deliberations are concluded and you should notify the bailiff that you have reached your verdict.
>
> If you find the Defendant is not guilty of second-degree murder or reckless manslaughter, then you should go on to consider whether or not he is guilty of negligent homicide.
>
> If you find the Defendant is guilty of negligent homicide, your deliberations are concluded and you should notify the bailiff as I've already explained."

Following this summary, the court instructed on self-defense, stating that the State must prove beyond a reasonable doubt that the defendant did not act in self-defense. The court explained in detail the circumstances under which a person is justified in using deadly force against another in self-defense. At no point, however, did the trial court refer to the negation of self-defense as an "element" of any of the charged crimes.

In a bench conference after the court concluded its instructions, the defendant requested that the trial court clarify that if the State failed to disprove self-defense, then the jury must find the defendant not guilty on all the charges. The court agreed, and further instructed the jury as follows: "With respect to the defense of self-defense, I instructed you that . . . if you have a reasonable doubt as to whether the Defendant acted in self-defense, you must find him not guilty on all charges and your deliberations must end at that point."

The jury found the defendant guilty on both counts of second-degree murder, and this appeal followed.

## II

The defendant argues that the trial court erred when it denied his request to instruct the jury that disproving self-defense was an enumerated element of second-degree murder and the lesser included offenses of manslaughter and negligent homicide. In essence, the defendant contends that the trial court failed to instruct the jury on a critical element of each offense by failing to specifically refer to self-defense as an "element" of each offense. As a result, he argues, the State was relieved of its burden of proof regarding self-defense.

■ "Whether a particular jury instruction is necessary, and the scope and wording of the instruction, are within the sound discretion of the trial court." *State v. Noucas*, 165 N.H. 146, 154 (2013). We review the trial court's decisions on these matters for an unsustainable exercise of discretion. *Id.* "When reviewing jury instructions, we evaluate allegations of error by

interpreting the disputed instructions in their entirety, as a reasonable juror would have understood them, and in light of all the evidence in the case." *Id.* (quotation omitted). Thus, instructions "may not be judged in artificial isolation, but must be viewed in the context of the overall charge." *State v. Saunders*, 164 N.H. 342, 352 (2012) (citation omitted). "We determine whether the jury instructions adequately and accurately explain each element of the offense and reverse only if the instructions did not fairly cover the issues of law in the case." *Id.* at 350 (quotation omitted).

██ As the trial in this case occurred before our decision in *State v. Soto*, 162 N.H. 708 (2011), the trial court did not have the benefit of that decision in formulating its jury instructions. In *Soto*, we concluded that provocation is a partial defense that reduces a charge of first-degree or second-degree murder to manslaughter. *Soto*, 162 N.H. at 714-15. Because it functions as a partial defense, we determined that provocation should be treated similarly to self-defense for the purpose of jury instructions. *Id.* at 715. Accordingly, when there is some evidence of provocation, the court should instruct the jury that, in addition to proving the other elements of first-degree or second-degree murder, as the case may be, the State also must prove beyond a reasonable doubt that the defendant did not act under the influence of extreme mental or emotional disturbance caused by extreme provocation. *See id.* at 715-16.[2]

██ Although *Soto* did not involve the precise situation here, in which the defendant raised the issues of both provocation and self-defense, the procedure described in *Soto* is nonetheless applicable in this type of case. We note, however, that although our case law requires a specific instruction on self-defense (assuming there is some evidence to support it) when the charged crime involves a purposeful or knowing *mens rea*, we have never addressed whether such an instruction is required for crimes as to which the applicable *mens rea* involves something less than intentional conduct, *i.e.*, recklessness or negligence. *See, e.g., People v. Pickering*, 276 P.3d 553 (Colo. 2011). We need not address this issue here, however, as the State did not argue in the trial court that a self-defense instruction was not required for the crimes of reckless second-degree murder or any of the lesser-included offenses for which the *mens rea* was recklessness or negligence. Here, then, it is enough to say that when the defendant is entitled to a specific instruction on both provocation and self-defense, trial courts should

---

[2] We also explained in *Soto* that if the jury, using the "acquittal first" procedure, deliberates on the crime of provocation manslaughter, then disproving the element of provocation is no longer part of the State's burden of proof, and the jury should be so informed. *See Soto*, 162 N.H. at 716 & n.4.

add disproving self-defense as an additional element of the offense that the State must prove beyond a reasonable doubt, following the procedure outlined in *Soto*.[3]

## III

■ Although the instructions given in this case deviate from the approach set out above, the issue before us is not whether the instructions could have been more precise, but whether the defendant suffered prejudice because the instructions, considered as a whole, failed to adequately and accurately apprise the jury of the governing legal principles it must apply in reaching a verdict. *See Saunders*, 164 N.H. at 352-53 ("[T]he question is not whether the trial court failed to isolate and cure a particular ailing instruction, but rather whether the ailing instruction by itself so infected the entire trial that the resulting conviction violates due process" (citations omitted)). We conclude that the instructions here were not unfairly prejudicial.

■ First, we reject the defendant's claim that the court erred by failing to specifically describe self-defense as an "element" of each offense it considered. The term "element" has no talismanic quality, since it does not hold special meaning for the average juror. *Cf. State v. Jones*, 125 N.H. 490, 494 (1984) (distinguishing "the perspective of lawyers from that of jurors" in the context of jury instructions). The critical import of an "element" of an offense is that it is a matter that, unlike underlying facts, the State is required to prove beyond a reasonable doubt. Here, there is no dispute that the trial court instructed the jury that self-defense constituted a defense to all of the charges, and further instructed that the State had to prove beyond a reasonable doubt that the defendant did not act in self-defense. In light of these instructions, the State argues, and we agree, that a reasonable juror would have understood that the State had to disprove self-defense by the same standard of proof that applied to the matters described as "elements." Although the instructions for each charged offense did not separately include self-defense, the instructions as a whole properly informed the jury of the State's burden.

---

[3] The State asserts that provocation and self-defense are "two incompatible legal theories," and intimates that for this reason the trial court's decision to discuss these matters at different points during its instructions "struck an appropriate balance." While provocation and self-defense may indeed be inconsistent theories of defense, the State does not articulate how it might be prejudiced if the negation of both theories is included among a listing of all the elements the State must prove to obtain a conviction. The State, of course, is free to point out any inconsistency between these theories in its argument to the jury. And, with respect to the defendant, since it is his decision as to which theories of defense to pursue, he is hardly in a position to complain if he offers the jury choices that appear inconsistent with one another.

This case is similar to *State v. Van Dyke*, 69 P.3d 88 (Haw. 2003). In that case the defendant was charged with second-degree murder involving the strangulation death of the victim. *Van Dyke*, 69 P.3d at 92. At trial, the circuit court instructed the jury on the elements of second-degree murder and the lesser included offense of reckless manslaughter, but omitted self-defense from the elements of the charged crimes. *Id.* at 96. However, immediately following the reckless manslaughter instruction, "the circuit court instructed the jury (1) that 'self-defense is a defense to the charge of Murder in the Second Degree *and* the included offense of Manslaughter' and (2) that '[t]he burden is on the prosecution to prove beyond a reasonable doubt that the force used by the defendant was not justifiable.'" *Id.* (citation omitted). On appeal, the defendant argued that the circuit court erred in failing to "include the negativing of the justification of self-defense as a material element in the instructions regarding the charged offense of second degree murder and the lesser included offense of reckless manslaughter." *Id.* at 95. In affirming, the Hawaii Supreme Court held that, "when read and considered as a whole, we believe that the instructions at issue were not prejudicially insufficient, erroneous, inconsistent, or misleading." *Id.* at 96 (quotation omitted).

■ As in *Van Dyke*, we conclude that because the trial court gave a detailed self-defense instruction and made clear that the State bore the burden of disproving self-defense beyond a reasonable doubt, the defendant has failed to establish prejudicial error.

IV

The defendant next contends that the failure to enumerate self-defense as an element of each charged offense, *combined* with the acquittal first pattern of the instructions, made it possible for the jury to convict him without considering self-defense. Again, we disagree.

■ In *State v. Taylor*, 141 N.H. 89, 96 (1996), we held that "an acquittal first instruction is the proper transitional instruction in New Hampshire." Under an acquittal first pattern, the jury must first find the defendant not guilty of a greater offense before it considers whether the defendant is guilty of lesser-included offenses. Here, the trial court followed the acquittal first pattern in instructing the jury on the offenses and elements, but did so without mentioning self-defense. The trial court instructed the jury that if it found that the State had proven all the elements beyond a reasonable doubt it should find the defendant guilty, followed immediately by the statement "your deliberations are concluded and you should notify the bailiff that you have reached your verdict." Based on that particular

phrasing within the acquittal first pattern, the defendant asserts that the court could have misled the jury into thinking there was no need to consider the issue of self-defense.

Viewing the instructions as a whole, and not in isolation, we do not find any realistic possibility that the jury was misled as to its obligation to consider the issue of self-defense. In the context of the overall instructions, the jury would have understood the statement "your deliberations are concluded" simply to mean that if the jury found the defendant guilty of a more serious offense, it would not need to consider any lesser included offenses. Further, after the trial court concluded its instructions, which included a proper general self-defense instruction and instructions as to the State's burden to disprove self-defense beyond a reasonable doubt, the defendant requested that the trial court clarify that self-defense constituted a defense to all the charges at issue. The trial court then readdressed the jury, stating: "[I]f you have a reasonable doubt as to whether the Defendant acted in self-defense, you must find him not guilty on all charges and your deliberations must end at that point." Thus, one of the last substantive instructions the jury received before retiring to deliberate was the clarifying point that self-defense constituted a defense to each and every charged offense. Based upon the instructions as a whole, then, no reasonable juror would have believed that he or she could return a verdict of guilty as to any charge without first considering whether the State had negated self-defense beyond a reasonable doubt.

*Affirmed.*

DALIANIS, C.J., HICKS, CONBOY and BASSETT, JJ., concurred.