# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2013-0315, <u>State of New Hampshire v. Destin Stewart</u>, the court on February 18, 2015, issued the following order:**

Having considered the briefs and oral arguments of the parties, the court concludes that a formal written opinion is unnecessary in this case. The defendant, Destin Stewart, appeals his convictions by a jury on one count of second degree assault, RSA 631:2, I(f) (Supp. 2014), one count of criminal restraint, RSA 633:2, I (2007), three counts of criminal threatening, RSA 631:4, I(a), (d) (2007), three counts of simple assault, RSA 631:2-a, I(a) (2007), and one count of stalking, RSA 633:3-a, I(a) (2007). On appeal, the defendant argues that the Superior Court (<u>Delker</u>, J.) erred by: (1) prohibiting him from cross-examining the complainant with her statement that had not been previously disclosed to the State; and (2) granting the State's motion <u>in</u> <u>limine</u> to admit evidence of his uncharged acts under New Hampshire Rule of Evidence 404(b). We remand.

The record establishes the following facts. The defendant and the complainant were romantically involved from April to September 2011, and the charges at issue stem from multiple incidents that occurred during that time frame. Prior to trial, the State filed a motion <u>in</u> <u>limine</u> to admit numerous uncharged acts that the defendant allegedly committed during his relationship with the complainant. At a pretrial hearing, the defendant argued that, before making its determination under Rule 404(b), the court must hear the complainant's live testimony to determine whether the uncharged acts occurred. The State maintained that the trial court could proceed based on the State's offer of proof. The trial court agreed with the State and decided the motion without requiring live testimony, ruling that the State had met the requirements of Rule 404(b) for admission of the evidence, and granting the State's motion.

At trial, during his cross-examination of the complainant, the defendant sought to impeach the complainant with a statement that she had made using the social media website Twitter, under the username "Before Bad B[****]," which stated: "Because I'm a nasty b[****]. I leave a n[*****] dead broke." The State objected, arguing that it had not been given a copy of the statement during discovery. The trial court, citing unfair surprise, ruled that the defendant could not use the statement.

Of the thirteen charges submitted to the jury, the defendant was convicted on nine charges, and acquitted on four. This appeal followed.

On appeal, the defendant first argues that the trial court erred when it precluded him from impeaching the complainant using her prior statement. The defendant maintains that he was not obligated to disclose the complainant's prior statement in the absence of a court order. The State argues that the trial court properly excluded the statement, and, even if it did err, the error was harmless. Alternatively, the State argues that allowing cross-examination of the complainant using her statement would have been unnecessarily cumulative under New Hampshire Rule of Evidence 403. Next, the defendant argues that the trial court erred when it admitted evidence of other alleged acts by the defendant under Rule 404(b), and further challenges the sufficiency of the court's limiting instructions regarding the use of that evidence. The State counters that the trial court properly admitted the Rule 404(b) evidence and that the limiting instructions were sufficient.

Superior Court Rule 98/Disclosure of Statements

We will not reverse the trial court's decision with respect to alleged discovery violations absent an unsustainable exercise of discretion. See State v. Gamester, 149 N.H. 475, 478 (2003). "To show that the trial court's exercise of discretion is unsustainable, the defendant must show that the decision was clearly unreasonable to the prejudice of his case." Id.

Superior Court Rule 98 governs discovery obligations in criminal cases. Id.; Super. Ct. R. 98 (2007) (amended 2014). Specifically, Rule 98(C) governs the parties' responsibilities relating to the exchange of information concerning trial witnesses. As relevant to a criminal defendant, Rule 98(C)(2) states that prior to trial, "the defendant shall provide the state with a list of the names of the witnesses the defendant anticipates calling at the trial . . . ." Super. Ct. R. 98(C)(2). In addition, "[c]ontemporaneously with the furnishing of such witness list, the defendant shall also provide the state with all statements of witnesses the defendant anticipates calling at the trial . . . ." Id. (emphasis added).

Here, the complainant testified in the State's case-in-chief and was not called as a defense witness. Further, the defendant sought to use the statement solely for purposes of impeachment and was not offering it as substantive evidence. Notably, on appeal, the State does not cite any section of Rule 98 — or any other rule — that required disclosure of the statement under these circumstances.

Rather, the State argues that the trial court's ruling is consistent with the modern trend regarding liberal discovery, which disfavors trial by surprise. To be sure, liberal discovery rules recognize that "the ends of justice are best served by a system which gives both parties the maximum amount of information available, thus reducing the possibility of surprise at trial." State v. Nadeau, 126 N.H. 120, 124 (1985) (quotation omitted). To accomplish that goal, in addition to the mandatory disclosure requirements, Rule 98 specifically

2

provides that "this rule does not preclude any party from filing motions to obtain additional discovery." Super. Ct. R. 98(E); see, e.g., State v. Chagnon, 139 N.H. 671, 672 (1995) (analyzing a trial court's order, under a prior rule, requiring parties to disclose any statements of witnesses to be called at trial). However, the State does not contend that it filed a motion for such discovery. Thus, we discern no basis for concluding that the defendant was obligated to disclose the statement to the State prior to trial. Accordingly, absent a discovery violation, the trial court erred by preventing the defendant, as a discovery sanction, from cross-examining the complainant using her statement.

We agree with the defendant that, on the record before us, we cannot determine whether the defendant was prejudiced by the trial court's error. At trial, the defendant did not have the opportunity to fully explain the particular purpose and extent of the proposed cross-examination. Therefore, we conclude, as the defendant suggests, that the remedy under these circumstances is to remand the issue to the trial court for a hearing so that the defendant may fully explain his proposed cross-examination and impeachment of the complainant. The trial court then can determine, in the first instance, whether the absence of that cross-examination prejudiced the defendant's case.

To the extent the State argues that, if we conclude that the trial court erred, the error was harmless, the argument is not adequately developed in the State's brief, and we decline to address it. See State v. Munroe, 161 N.H. 618, 629 (2011).

Finally, the State contends, for the first time on appeal, that because the admission of the impeachment evidence would have been needlessly cumulative, we should sustain the trial court's exclusion of the statement. See N.H. R. Ev. 403 ("Although relevant, evidence may be excluded if its probative value is substantially outweighed by the . . . needless presentation of cumulative evidence."). "We will not reverse a trial court decision . . . when it reaches the correct result and valid alternative grounds exist to reach that result." State v. Berry, 148 N.H. 88, 91 (2002). However, because the Rule 403 argument was not made to the trial court, and given the fact that we are remanding for a hearing on the prejudice issue, we remand this issue for the trial court to make a determination in the first instance.

New Hampshire Rule of Evidence 404(b)

The defendant next asserts that the trial court violated New Hampshire Rule of Evidence Rule 404(b) when it admitted evidence of other uncharged acts that the defendant allegedly committed against the complainant. "The decision to admit 'bad acts' evidence lies within the trial court's sound discretion and will be overturned only if the defendant can show that the decision was clearly untenable or unreasonable to the prejudice of his case."

State v. Davidson, 163 N.H. 462, 467 (2012) (quotation omitted). For evidence to be admissible under Rule 404(b), it "must be relevant for a purpose other than proving the defendant's character or disposition; there must be clear proof that the defendant committed the act; and the probative value of the evidence must not be substantially outweighed by its prejudice to the defendant." Id. at 469 (quotation omitted). The defendant appeals the trial court's determination regarding all three prongs of Rule 404(b) and also argues that the trial court failed to adequately instruct the jury as to which acts were charged and which were not.

The defendant first challenges the trial court's ruling that the uncharged acts were relevant for purposes other than proving the defendant's character. The trial court instructed the jury that the uncharged acts could be considered for their relevance to the state of mind of both the complainant and the defendant. The first prong of Rule 404(b) requires that, for the uncharged acts to be admissible, they "must be relevant for a purpose other than proving the defendant's character or disposition." Id. (quotation omitted). "To meet the relevancy requirement, the other bad act evidence must have some direct bearing on an issue actually in dispute, and there must be a clear connection between the particular evidentiary purpose, as articulated to the trial court, and the other bad acts." Id. (quotation omitted).

We have held that evidence of other threatening behavior may be relevant to the state of mind of both the defendant and victim at the time of the charged offenses. See, e.g., State v. Richardson, 138 N.H. 162, 166 (1993); State v. Brewster, 147 N.H. 645, 649-50 (2002). Other threatening behavior is "relevant to and probative of [the defendant's] intent towards [the complainant] and [the complainant's] own state of mind at the time of the charged offenses." Richardson, 138 N.H. at 166. "Such evidence [makes] it more probable than not that the defendant on the later occasion acted with an intent to terrorize [the complainant] and that those actions placed her in fear for her physical safety." Id.

Here, of the fourteen charges brought by the State, five involved criminal threatening, alleging that the defendant threatened the complainant in June, August, and September 2011. Each of these charges alleged that the defendant acted with the purpose either to terrorize the complainant or to place the complainant in fear of imminent bodily injury. The uncharged acts are probative of whether the defendant purposefully acted with an intent "to terrorize" or "to place [the complainant] in fear of imminent bodily injury or physical contact." RSA 631:4, I(a), (d). Additionally, the uncharged acts are probative of whether the charged conduct terrorized the complainant or placed the complainant in fear for her physical safety. Id. Therefore, we are not persuaded that the trial court erred in concluding that the uncharged acts were relevant to the state of mind of both the defendant and the complainant.

Next, the defendant argues that the trial court erred in admitting the evidence because the probative value of the uncharged acts was minimal compared to the risk of unfair prejudice. Rule 404(b) requires that "the probative value of the evidence must not be substantially outweighed by its prejudice to the defendant." Davidson, 163 N.H. at 469. "We accord considerable deference to the trial court's determination in balancing prejudice and probative worth of evidence under Rule 404(b)." Brewster, 147 N.H. at 650 (quotation omitted). We have stated that "[t]he risk of unfair prejudice . . . increases as the degree of similarity between the prior act and the charged crime increases." State v. Belonga, 163 N.H. 343, 360 (2012). In Belonga, we held that a violent act similar to the charged conduct, which occurred several months before the charged conduct, had "negligible, if any, probative value to [the defendant's] state of mind" on the day of the charged conduct. Id. at 360-61.

Here, the trial court found that the uncharged acts were "highly probative" in explaining the complainant's conduct. Although the uncharged acts were similar in nature to the charged conduct, all of the acts occurred during the course of the complainant's five-month relationship with the defendant; in fact, many of the uncharged acts allegedly occurred during the same time frame as the charged conduct. The instant case is not akin to Belonga, which involved a separate isolated incident of abuse. See id. Accordingly, we are not persuaded that the trial court erred in finding that the probative value of the uncharged acts was not substantially outweighed by the danger of unfair prejudice.

The defendant also argues that the trial court erred in finding clear proof that the other acts occurred. Specifically, the defendant argues that the trial court erred when it did not make a finding that the defendant committed the uncharged acts, and when it made a determination of clear proof based solely upon the State's offer of proof. The State counters that the trial court implicitly found that the defendant had committed the uncharged acts and, citing State v. Haley, 141 N.H. 541 (1997), that it was not error for the trial court to proceed based upon the State's offer of proof.

We need not decide whether the trial court erred in making the clear proof determination because, even if we were to assume such error, the defendant has failed to show that any such error was "to the prejudice of his case." Davidson, 163 N.H. at 467 (quotation omitted). At trial, the complainant testified that the defendant committed the uncharged acts during the course of their relationship. Moreover, during the trial, the defendant had the opportunity to cross-examine the complainant regarding the uncharged acts. Further, after the complainant testified, the defendant did not move for a mistrial or ask the trial court to reconsider its clear proof determination made prior to trial. See Haley, 141 N.H. at 545 ("We note that at trial, the defendant had the opportunity to cross-examine the victim. If the evidence had cast

5

doubt on the validity of the court's pretrial ruling, the defendant could have moved for reconsideration or for a mistrial.").  Importantly, the defendant has not argued on appeal that the complainant's testimony at trial was insufficient to demonstrate clear proof.  Accordingly, we conclude that, even if the trial court erred in its clear proof determination, the defendant has not demonstrated that he was prejudiced by any such error.

Finally, the defendant argues that the trial court failed to adequately instruct the jury as to which specific acts were charged conduct and which were not.  "Whether a particular jury instruction is necessary and the scope and wording of jury instructions are both within the sound discretion of the trial court, and we review the trial court's decisions on these matters for an unsustainable exercise of discretion."  State v. Tyler, 158 N.H. 776, 778 (2009).  We will reverse the trial court "only if the instructions did not fairly cover the issues of law in the case."  State v. Dupont, 165 N.H. 698, 703 (2013) (quotation omitted).  In this case, the trial court read each charge to the jury at the beginning of the trial, and it gave a limiting instruction regarding the use of Rule 404(b) evidence prior to the State's introduction of evidence of the uncharged acts.  Additionally, during its final instructions, the trial court gave the jury another limiting instruction regarding the use of the uncharged acts.  Further, the trial court told the jurors that they would have copies of all the charging documents during deliberation so that they could "keep track" of each charge.  Therefore, we are not persuaded that the jury instructions failed to adequately inform the jury as to which conduct was charged and which was uncharged.

Remanded.

DALIANIS, C.J., and HICKS, CONBOY, LYNN, and BASSETT, JJ., concurred.

**Eileen Fox,
Clerk**

6